

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00520-CR

Fabian **RODRIGUEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-1121-CR-A
Honorable Daniel H. Mills, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 15, 2016

AFFIRMED

      Fabian Rodriguez was convicted of continuous sexual abuse of a child, attempted sexual assault of a child, attempted indecency with a child, and two counts of bail jumping. In his sole point of error on appeal, Rodriguez argues the trial court erred by allowing the State's expert consulting psychologist to testify. We hold Rodriguez failed to preserve the issue for appeal, and affirm the trial court's judgment.

---

[1] Senior Judge, sitting by assignment

During its case in chief, the State presented the testimony of psychologist Dr. William Lee Carter. Dr. Carter's testimony was based on his knowledge, education, and experience, and on his review of police records, medical records, and witness statements. Dr. Carter testified generally about victims of child sexual abuse, how children typically respond to abuse, and how the relationship between the victim and the perpetrator can affect that response. Dr. Carter also answered various hypothetical questions that mirrored the facts of the case. Rodriguez took Dr. Carter on voir dire before he testified to the jury. At the conclusion of the voir dire, counsel stated he had no objection to Dr. Carter testifying, and counsel made no objections during Dr. Carter's testimony to the jury.

On appeal, Rodriguez argues Dr. Carter's testimony was inadmissible under Rules of Evidence 401 and 702 because he did not take "into account enough of the pertinent facts to be of assistance to the trier of fact on a fact in issue." Rodriguez concedes he did not object to the expert's testimony at trial, but contends he may raise the issue for the first time on appeal because its admission rendered the trial fundamentally unfair.

"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and '. . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.'" *Saldano v. State*, 70 S.W.3d 873, 886-87 (Tex. Crim. App. 2002) (quoting TEX. R. EVID. 103(a)(1)); *see* TEX. R. APP. P. 33.1(a)(1). Only the most fundamental errors may be raised for the first time on appeal. *Saldano*, 70 S.W.3d at 887-88. These fall into "two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Id.* at 888 (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993)). Rights that are "waivable only" include the right to assistance of counsel, the right to trial by jury, and rights conferred by a statute that

affirmatively states the right is waivable only. *Id.* "Absolute, systemic requirements" include jurisdiction of the person and subject matter, the Texas constitutional requirement that a district court must conduct its proceedings at the county seat, and the constitutional prohibition of ex post facto laws. *Id.* at 888-89.

"That the State refrain from introducing evidence that violates the defendant's rights . . . is neither an absolute, systemic requirement nor a right that is waivable only." *Id.* at 889. The Texas Court of Criminal Appeals has "consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." *Id.* (footnote omitted).

Rodriguez presents no argument that admission of expert testimony that does not meet the requirements of Rules of Evidence 401 and 702 is fundamental error that may be raised for the first time on appeal. By failing to object to Dr. Carter's testimony at trial, Rodriguez waived appellate review of any error associated with the testimony. *See Fuller v. State*, 253 S.W.3d 220, 232-33 (Tex. Crim. App. 2008) (holding that by failing to object to expert testimony regarding future dangerousness, appellant waived appellate review of any error associated with testimony); *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) (holding that because appellant did not object to reliability of expert testimony at trial, he did not preserve error for appellate review); *Saldano*, 70 S.W.3d at 891 (holding defendant's failure to object to expert testimony precludes complaint on appeal that testimony was offered for sole purpose of appealing to the potential racial prejudices of the jury).

We therefore affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH